**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-55469 |
| Plaintiff-Appellee, | D.C. No. 2:93-cr-00583 |
| v. | |
| MAUREEN ELAINE CHAN, AKA Maureen Ridley | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and submitted April 11, 2018
Pasadena, CA

Before:  BEA and MURGUIA, Circuit Judges, and MOLLOY,** District Judge.

Defendant-Appellant Maureen Elaine Chan, aka Maureen Ridley ("Ridley")

appeals the district court's dismissal of her petition for a writ of error coram nobis.

We review *de novo* a district court's denial of a petition for a writ of error coram

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

nobis. *United States v. Chan*, 792 F.3d 1151, 1153 (9th Cir. 2015) (quoting *United States v. Riedl,* 496 F.3d 1003, 1005 (9th Cir. 2007)). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Ridley, a native of South Africa, has been a lawful permanent resident of the United States since 1973. On June 22, 1993, a grand jury returned an indictment charging Ridley with six counts of perjury. According to Ridley's declaration filed in support of the instant petition for a writ of coram nobis, Ridley asked her trial counsel what immigration consequences a guilty plea might carry. According to Ridley's declaration, her counsel's "response was simply that [Ridley] had nothing to worry about": "He assured me that I did not face any adverse immigration consequences and that I would not be excluded from the United States." Ridley pleaded guilty to three of the six counts in the indictment. On May 15, 2000, the district court sentenced Ridley to two months in prison, three years of supervised release, and an assessment of $150. In 2012, the Department of Homeland Security initiated removal proceedings against Ridley based on the 1993 perjury conviction.

Ridley petitioned the district court below for a writ of error coram nobis. "[T]he writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *Riedl*, 496 F.3d at 1005. "[W]hereas petitions for habeas

corpus relief and motions for relief under 28 U.S.C. § 2255 may only be filed by persons who are in government custody, '[t]he writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody.'" *United States v. Kwan*, 407 F.3d 1005, 1009 (9th Cir. 2005) (alteration in original), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). "Specifically, the writ [of coram nobis] provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." *Id.* at 1009–10. To establish that she qualifies for coram nobis relief, Ridley must prove the following four factors: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.* at 1011 (quoting *Estate of McKinney By & Through McKinney v. United States*, 71 F.3d 779, 781–82 (9th Cir. 1995)).

The government concedes that Ridley has met the first three factors. Therefore, we address only the fourth factor, "error [] of the most fundamental character." *Id*. Ridley "may satisfy the fundamental error requirement by establishing that [s]he received ineffective assistance of counsel" in her perjury case. *Id*. at 1014. To demonstrate ineffective assistance, Ridley "must prove 1)

3                                                                16-55469

that h[er] counsel's performance fell below an objective standard of reasonableness, and 2) that the deficiency in h[er] counsel's performance prejudiced h[er]." *Id.* at 1014–15. (citing *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)).

The government concedes that the district court's reasoning was erroneous as to both prongs of *Strickland*. On the first prong, the district court found that trial counsel did not provide deficient performance because "even if Defendant's counsel failed to disclose the immigration consequences of her plea deal, other evidence indicates that Defendant was fully aware of such ramifications." This was error. "The government's performance in including provisions in the plea agreement, and the court's performance at the plea colloquy, are simply irrelevant to the question whether *counsel's* performance fell below an objective standard of reasonableness." *United States v. Rodriguez-Vega*, 797 F.3d 781, 787 (9th Cir. 2015). On the second prong, the district court erred insofar as it required Ridley to show that "she would have *fared better at trial* or successfully negotiated a more favorable plea deal." "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Although it admits the decision below was based on legal error, the government asks this court to affirm the district court because Ridley supported her ineffective assistance of counsel claim with only "a self-serving declaration containing *post hoc*, conclusory, and uncorroborated assertions."[1] The government argues that Ridley therefore "failed to prove facts that satisfy either prong of the *Strickland* test, and this Court should not permit defendant's self-serving and conclusory declaration to upset the finality of three perjury convictions that are now over 17 years old."

Ordinarily, "that an affidavit is selfserving bears on its credibility, not on its cognizability," *SEC v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007), and "[c]redibility is properly for the judgment of the trier of fact." *Davison v. United States*, 368 F.2d 505, 507 (9th Cir. 1966); *see also Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("The district court must make a finding of fact that the affidavit was a 'sham.'"). However, here, the district court dismissed the petition based on an erroneous application of *Strickland*. Thus the trier of fact—the district court—made no findings regarding the credibility of the

---

[1] This court "may affirm on any basis supported by the record." *United States v. Pope*, 686 F.3d 1078, 1083 (9th Cir. 2012).

5                                                                                           16-55469

assertions in Ridley's declaration. Rather than do so for the first time on appeal, we reverse and remand for the district court to complete the necessary fact-finding and to apply the correct legal standards as set forth in *Strickland*.

The government notes that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how [s]he would have pleaded but for [her] attorney's deficiencies." *Lee*, 137 S. Ct. at 1967. Rather, "[j]udges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* But here the contemporaneous evidence is inconclusive. The government argues that the warnings in the plea agreement "cast substantial doubt on the credibility of defendant's allegations of misadvice" because the warnings contradict the purported misadvice of Ridley's trial counsel. Surely, the argument goes, counsel would not have assured Ridley that she would not face immigration consequences in the face of the plea agreement's contradictory warnings. But these two facts are not necessarily inconsistent: counsel may have dismissed what he perceived as boilerplate warnings in the plea agreement if he sincerely believed—as Ridley now claims—that Ridley would not in fact face any adverse immigration consequences. On the other hand, it is undisputed that Ridley has been a legal permanent resident of the United States since 1973 and has substantial family ties here. These facts tend to corroborate Ridley's assertion that she would not have pleaded guilty but for counsel's claimed

deficient performance.  Again, the district court should weigh the evidence in the first instance.

Because we conclude that a remand to the district court is necessary in any case, we do not decide whether the district court abused its discretion by dismissing the petition without first holding an evidentiary hearing.

Therefore, we remand for the district court to hold an evidentiary hearing and assess the credibility and sufficiency of Ridley's evidence, in view of all the evidence bearing thereon.

**REVERSED and REMANDED.**